## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | | |
|---|---|---|
| **CLAUDY PUVERGE** | * | **CIVIL ACTION NO. 06-0099** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALEZ, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a

Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Document No. 1) filed by *pro se*

Petitioner Claudy Puverge ("Puverge") on January 13, 2006.  The Government has filed a

response to Puverge's petition.  (Document No. 8).  For reasons stated below, it is recommended

that Puverge's petition be **DISMISSED without prejudice.**

## BACKGROUND

Puverge, a native and citizen of Haiti, entered the United States at Miami, Florida on or

about January 9, 1992, as an unauthorized refugee.  After inspection by an immigration officer,

Puverge was denied admission or parole; however, he remained in the country.  On May 8, 1997,

the United States Bureau of Immigration and Customs Enforcement ("ICE"), formerly the

Immigration and Naturalization Service, instituted removal proceedings, charging Puverge as

removable pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA").

On March 27, 1998, an immigration judge ordered Puverge removed to his native Haiti, and he

was taken into ICE custody on June 10, 2005.

On December 12, 2005, ICE reviewed Puverge's custody and issued a decision to

continue his detention.  In its decision, ICE expressed its concerns about Puverge's ability to

adhere to the laws of the United States based on his criminal record while present in the United

States, which included convictions for purchasing marijuana, petit larceny, and carrying a

concealed weapon.  ICE also suggested that Puverge's removal would occur in the reasonably

foreseeable future; however, despite three documented attempts to obtain travel documents, one of which included a request to the wrong country, Puverge has not been removed.

In his petition, Puverge's sole claim is a challenge to his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). According to Puverge, the presumptively reasonable six-month detention period has expired and there is no significant likelihood of his removal in the reasonably foreseeable future.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court, however, noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In this case, while the presumptively reasonable six-month detention period has indeed expired, Puverge has failed to demonstrate that there is no significant likelihood of his removal in the reasonably foreseeable future. The lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. Here, the Government has stated that it is engaged in ongoing efforts to obtain Puverge's travel documents from the Haitian

government, and has explained that the process has been delayed due to recent elections and changes in administration. The Government notes, however, that repatriations to Haiti have begun, and presumably this means that Puverge's removal will occur in the reasonably foreseeable future. Puverge has failed to provide good reason to believe that his continued detention pending his removal is unconstitutional. Thus, it is recommended that his petition be **DISMISSED without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 4th day of May, 2006.

H:\Habeas\06-0099.050406.rr.klh.frm

KAREN L. HAYES
U. S. MAGISTRATE JUDGE